1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>SYLVESTER BRADFORD and JOHN ROBINSON,<br><br>Defendants. | Case No. 12-cv-01251 NC<br><br>**ORDER REMANDING CASE TO STATE COURT**<br><br>Re: Dkt. No. 1 |

Defendant John Robinson removed this action for unlawful detainer to this Court on March 13, 2012. Dkt. No. 1. Because Robinson's notice of removal does not establish that this action can be removed under 28 U.S.C. 1441, this action is REMANDED to state court.

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined

and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).  "If the district court at any time determines that it lacks jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citations omitted). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Id.*

      Here, Robinson has not met his burden to establish that removal of this action is proper. First, this action cannot be removed based on federal question jurisdiction because the operative complaint alleges a single claim of unlawful detainer that arises under California law as opposed to federal law. Dkt. No. 1, Ex. A, Compl. at 1. Any defenses raised by Robinson in a demurrer are irrelevant to the determination of whether this action arises under federal law. Second, this action cannot be removed based on diversity jurisdiction because Robinson is a citizen of California, which is where this action was brought. *See* 28 U.S.C. 1441(b); Dkt. No. 1, Ex. A, Compl. at 1. Indeed, Robinson alleges that he resides in Oakland, California. Dkt. No. 1 at 3. As the Court lacks subject matter jurisdiction over this action, this action is REMANDED to state court.

      IT IS SO ORDERED.

Date: March 19, 2012

Nathanael M. Cousins
United States Magistrate Judge

Case No. 12-cv-01251 NC
ORDER REMANDING CASE      2